UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| **ELVIS PRESLEY ENTERPRISES, INC. and ELVIS PRESLEY ENTERPRISES, LLC**      **Plaintiffs,**  **BUD GLASS PRODUCTIONS and BUD GLASS, Individually and as officer, director, employee and shareholder of BUD GLASS PRODUCTIONS INC.**      **Defendants.** | **CASE NUMBER 4:11cv50-SPM/WCS** |

**ORDER GRANTING TEMPORARY RESTRAINING ORDER**

This cause has come before the Court upon the application of Plaintiffs Elvis Presley Enterprises, Inc. and Elvis Presley Enterprises, LLC ("Plaintiffs") for a Temporary Restraining Order concerning Defendants' engagement in activity consisting of the manufacture, distribution, marketing, promotion and sale of a CD/DVD box set entitled *'Elvis 77 – The Final Curtain,'* (hereinafter the "Infringing Product" or "Infringing Products"). After being fully advised, the Court, in reliance on the Complaint and certifications made in the Affidavits of Gary Hovey and Brittni Popp filed herewith, finds:

1. It is likely that without the temporary restraining order, the Defendants will simply transfer any infringing products in their possession to third parties, even if the Court issued an injunction order barring the transfer or sale of these materials and would hide and conceal records of their actions.

2. The Plaintiffs have represented that prior to the temporary restraining order and seizure order they shall post a security bond in the amount of $50,000.00 with this Court.

3. As a matter of law, the Plaintiffs are likely to succeed in showing that the persons against whom a temporary restraining order will be ordered have used a counterfeit mark in connection with the sale, offering for sale, and distribution of goods and services;

4. As a matter of law, the Plaintiffs are likely to succeed in showing that the persons against whom a temporary restraining order will be ordered have illegally copied and disseminated copyrighted material owned and controlled by Plaintiffs;

5. As a matter of law, an immediate and irreparable injury will occur if such temporary restraining order is not ordered;

6. As a matter of law, the harm to the Plaintiffs of denying the application outweighs the harm to the legitimate interests of the persons against whom the temporary restraining order was issued;

7. As a matter of law, the persons against whom the temporary restraining order applies, or persons acting in concert with such person, would destroy, move, hide, or otherwise make such matter inaccessible to the court, if the Plaintiffs were to proceed on

notice to such persons.

Accordingly, the court ORDERS, ADJUDGES and DECREES that:

Defendants Bud Glass, individually and d/b/a Bud Glass Productions (hereinafter "Defendants") their partners, subsidiaries, officers, agents, servants, employees, and those persons or companies in active concert or participation with them, or any of them, be and hereby are preliminarily restrained and enjoined from:

(a) engaging in any further acts of copyright infringement by infringing any of the Plaintiffs' copyrighted works by causing to be manufactured, distributed and sold any unauthorized copies of same or any derivative copies which are substantial similar to the Plaintiffs' copyrighted works;

(b) from using, exploiting, publishing, distributing, copying, advertising or transmitting in any form Plaintiffs' trademarks, and the likeness and photographs of Elvis Presley;

(c) Importing into or exporting to the United States, its territories or possessions, any unauthorized goods which bear a copy of the trademark "Elvis" or "Elvis Presley" or the name, image, likeness, photograph, signature or other indicia of Elvis Presley or any confusingly similar variations thereon, which goods are not authorized by Plaintiffs in the United States or elsewhere (hereinafter called "Elvis Products");

(d) Exporting from, or importing into any foreign country from, the United

    States, its territories or possessions, any counterfeit Elvis Products;

(e)  Manufacturing, assembling, or participating in the manufacture or assembly of any counterfeit Elvis Products;

(f)  Infringing Plaintiffs' established proprietary rights in the Elvis and Elvis trademarks and all protectable variations thereof, by further promoting advertising, publishing or offering for sale, products which bear a copy of the Elvis and Elvis Presley trademarks or any confusingly similar variations thereof;

(g)  Otherwise infringing Plaintiffs' established proprietary rights at common law and in the above-identified trademarks;

(h)  Competing unfairly with Plaintiffs in any manner by continued use or sale of counterfeit Elvis Products or any colorable variations or imitations thereof;

(i)  Further damaging Plaintiffs' established goodwill and reputation by diluting the distinctiveness of Plaintiffs' established proprietary rights in the Elvis and Elvis Presley trademarks by holding themselves out as having any business relationship with the Plaintiffs, or either of them.

(j)  Competing unfairly with Plaintiffs by passing off counterfeit Elvis Products as genuine goods of Plaintiffs; and

(k)  Buying, selling or in any way dealing with counterfeit Elvis Products or any goods bearing a copy of the Elvis or Elvis Presley trademarks or any

        colorable variations or imitations thereof;

(l)      and further the Defendants are ordered to escrow any and all proceeds, monies, drafts, accounts or monies of any kind due or to become due on account of or in any manner related to the manufacture, sale, advertising and distribution of the Infringing Products and any counterfeit Elvis Products.

DONE and ORDERED this 4th day of February, 2011, at 12:17 p.m. This order expires on February 18, 2011.

                                    *s/ Stephan P. Mickle*
                                    Stephan P. Mickle
                                    Chief United States District Judge