UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
DIVISION TALLAHASEE

C.A. NO. 4:11 cv50-SPM/WCS

ELVIS PRESLEY ENTERPRISES, INC. and ELVIS PRESLEY ENTERPRISES, LLC )
)
Plaintiffs, )
)
v. )
)
BUD GLASS PRODUCTIONS and )
BUD GLASS, Individually and as officer, )
director, employee and shareholder of )
BUD GLASS PRODUCTIONS INC. )
)
Defendants. )
)

## CONSENT ORDER

Pursuant to their Agreement, Plaintiffs Elvis Presley Enterprises, Inc. and Elvis Presley Enterprises, LLC (hereinafter collectively "Plaintiffs"), on the one hand and Defendants Bud Glass individually and d/b/a as Bud Glass Productions (hereinafter collectively "Defendants") on the other, and hereby stipulate to the entry of this Consent Order as follows:

Defendants, their respective agents, servants, shareholders, officers, directors and employees and those persons or companies in active concert or participation with them are hereby permanently enjoined from directly or indirectly manufacturing, distributing, marketing, promoting and selling a CD/DVD box set entitled *'Elvis 77 – The Final Curtain,'* (hereinafter the "Infringing Product" or "Infringing Products") one component of which is a DVD containing a copy of a TV program entitled: "Elvis in Concert" and also known as "the CBS Special," and another component of which are DVDs containing

FINAL EXECUTION

contains raw footage from the Omaha, Nebraska, and Rapid City, South Dakota, which raw footage was used in the CBS Special. Defendants are further permanently enjoined from:

1. engaging in any further acts of copyright infringement by infringing any of the Plaintiffs' copyrighted works by causing to be manufactured, distributed and sold any unauthorized copies of same or any derivative copies which are substantial similar to the Plaintiffs' copyrighted works;

2. from wrongfully using, exploiting, publishing, distributing, copying, advertising or transmitting in any form Plaintiffs' trademarks;

3. Importing into or exporting to the United States, its territories or possessions, any unauthorized goods which bear a copy of the trademark "Elvis" or "Elvis Presley" or any goods and/or services which wrongfully use the name, image, likeness, photograph, signature or other indicia of Elvis Presley (hereinafter called "Elvis Products");

4. Exporting from, or importing into any foreign country from, the United States, its territories or possessions, any counterfeit Elvis Products;

5. Manufacturing, assembling, or participating in the manufacture or assembly of any counterfeit Elvis Products;

6. Infringing Plaintiffs' established proprietary rights in the Elvis and Elvis trademarks and all protectable variations thereof, by further promoting advertising, publishing or offering for sale, products which bear a copy of the Elvis and Elvis Presley trademarks; however, this Agreement in no way prohibits Defendants' rights to

FINAL EXECUTION

promoting, advertising, publishing, offering for sale, or dealing with products which are otherwise legal.

7. Otherwise infringing Plaintiffs' established proprietary rights at common law and in the above-identified trademarks;

8. Competing unfairly with Plaintiffs in any manner by continued use or sale of counterfeit Elvis Products);

9. Further damaging Plaintiffs' established goodwill and reputation by diluting the distinctiveness of Plaintiffs' established proprietary rights in the Elvis and Elvis Presley trademarks by holding themselves out as having any business relationship with the Plaintiffs, or either of them.

10. Competing unfairly with Plaintiffs by passing off counterfeit Elvis Products as genuine goods of Plaintiffs; and

11. Buying, selling or in any way dealing with counterfeit Elvis Products or any goods bearing a copy of the Elvis or Elvis Presley trademarks;

12. The Parties agree that, upon entry of this Consent Order, counsel for Plaintiffs shall submit a stipulation of dismissal of this action with prejudice with regard to those claims against Defendants.

Respectfully submitted,
ELVIS PRESLEY ENTERPRISES, INC.
ELVIS PRESLEY ENTERPRISES, LLC
By its attorneys,

_____
TIMOTHY J. ERVIN

BUD GLASS and d/b/a
BUD GLASS PRODUCTIONS,

_____
CHRISTOPHER LYNN, ESQ.

FINAL EXECUTION

IT IS SO ORDERED

_[signature]_
U.S. DISTRICT JUDGE

Dated: 6/29/2011

FINAL EXECUTION